```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| EMMANUEL EVARISTE,<br>Plaintiff,<br><br>     v.<br><br>MASSACHUSETTS PROBATION SERVICE<br>and P.O. GORDON DIMBROSIO,<br>Defendants. | Civil Action No.<br>18-12596-NMG |

                    MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court allows plaintiff's motion to amend and for leave to proceed <u>in forma pauperis</u>, and denies plaintiff's motions for speedy trial, to expedite final judgment, for injunctive relief, for default judgment, to amend relief, and for service by Marshall.  If plaintiff wishes to pursue this action, the Court will permit him to file a second amended complaint that cures the pleading deficiencies noted below.

## I.   <u>Background</u>

Emmanuel Evariste ("Evariste"), now in custody at the Bristol County Jail and House of Correction, filed a <u>pro se</u> complaint accompanied by an Application to Proceed in District Court without Prepaying Fees or Costs.  <u>See</u> Docket Nos. 1, 2.

Because Evariste's Application to Proceed in District Court without Prepaying Fees or Costs was filed without a copy of his

prison account statement, the Application was denied without prejudice. See Docket No. 4. In response, Evariste filed an unsigned motion for leave to proceed in forma pauperis accompanied by a copy of his inmate account activity report. See Docket No. 10. Also pending are motions for speedy trial, to expedite final judgment, for injunctive relief, for default judgment, to amend, to proceed in forma pauperis, to amend relief, and for service by Marshall. See Docket Nos. 5-11, 13-15, 17, 19, 21, 23, 24, 29, 31-32, 34.

The original complaint names as defendants the Massachusetts Probation Service and Probation Officer Gordon Dimbrosio. See Docket No. 1. Evariste's most recent motion to amend is accompanied by a proposed amended complaint that names as defendants the City of Boston and Probation Officer Gordon Dimbrosio. See Docket No. 36. As best can be gleaned from the proposed amended complaint, Evariste alleges that at his June 25, 2018 arraignment on a drug charge in state court, the defendant probation officer produced a violation sheet stating that Evariste had failed to report to probation on May 17, 2018, when in fact he had. Id. Evariste contends that he was deprived of his freedom when he was subsequently held on a probation detainer. Id. at p. 1. Evariste seeks monetary damages in the amount of "$10 million" for "great harm, mental anguish, pain and suffering." Id. at p. 4.

**II.   Motion for Leave to Proceed In Forma Pauperis**

Upon review of Evariste's motion (Docket No. 25) for leave to proceed in forma pauperis and prison account statement, the Court concludes that he is without income or assets to pay the $400.00 filing fee.  Because Evariste is not a prisoner as defined by 28 U.S.C. § 1915(h)[1], he is not obligated to make payments towards the filing fee pursuant to 28 U.S.C. § 1915(b). Evariste's motion is therefore granted.

**III. Preliminary Screening**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss complaints sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

---

[1] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Evariste, as an immigration detainee who does not also face criminal charges, is not a prisoner as defined by 28 U.S.C. § 1915(h) and is therefore not subject to the Prison Litigation Reform Act.  See e.g. King v. Greenblatt, 53 F. Supp.2d 117, 138 (D. Mass. 1999) (civilly committed mental patient not a prisoner under § 1915(h).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

In conducting this review, the Court liberally construes the pleadings because the plaintiff is proceeding pro se. Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even under a broad reading, however, this action is subject to dismissal for the reasons set forth below and the plaintiff will be afforded an opportunity to file a second amended complaint.

## IV. Discussion

In this matter, Evariste seeks to hold the City of Boston and a probation officer liable for alleged negligence and violations of his constitutional rights.

Any claims that stem from Evariste's probation revocation are subject to dismissal because they are barred by the favorable termination rule. See Heck v. Humphrey, 512 U.S. 477 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [civil

4

rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. This rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487.

Here, the "favorable termination" rule of Heck appears to bar this action because the complaint seeks monetary damages for false imprisonment (presumably as a result of alleged perjured statements of his probation officer regarding the failure to report and/or in support of a probation violation detainer). The adjudication of this claim would necessarily imply the invalidity of his probation revocation.

To the extent plaintiff brings this action against the City of Boston, the complaint fails to state a claim upon which relief may be granted. For an official capacity claim against the City of Boston, the question is whether the City itself violated the plaintiff's constitutional rights. A municipality may be found liable under Section 1983 only if the violation of the plaintiff's rights is attributable to a municipal policy or custom. Monell v. Dep't. of Soc. Servs. of N.Y., 436 U.S. 658,

694 (1978)). Therefore, a viable Section 1983 claim must show (1) a violation of a protected right, and (2) the violation was attributable to a policy or custom of the City of Boston. See Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992). Here the complaint fails to reference a policy or custom by the City of Boston to support a Section 1983 claim. Although plaintiff references Monell, the amended complaint simply restates the case law. Evariste contends that there was a lack of supervision, but fails to allege that any deprivation of his rights was attributable to a policy or custom of the City of Boston. Absent such claim, there is no support for a Section 1983 claim. Therefore, as to the City of Boston, the claims are subject to dismissal.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Given that Evariste is proceeding pro se, he will be granted an opportunity to file a second amended complaint to correct the pleading deficiencies noted above.

## ORDER

In accordance with the foregoing, it is hereby ORDERED

1. Plaintiff's Motions (Docket Nos. 25, 36) to amend and for leave to proceed in forma pauperis are allowed. The clerk

shall enter the proposed amended complaint (Docket No. 36-1) on the docket.

2. Plaintiff's Motions (Docket Nos. 5-11, 13-15, 17, 19, 21, 23, 24, 29, 31-32, 34) motions for speedy trial, to expedite final judgment, for injunctive relief, for default judgment, to amend relief, and for service by Marshall are DENIED.

3. The amended complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). If Evariste wishes to proceed with this action, within 21 days of the date of this Memorandum and Order, he must file a third amended complaint that cures the pleading deficiencies noted above.

4. Failure to comply with these directives will subject this case to dismissal.

**So ordered.**

                                      /s/ Nathaniel M. Gorton
                                      Nathaniel M. Gorton
                                      United States District Judge

Dated: June 11, 2019